State v. Boehm.

### (No. 2.)

### Division Two, November 22, 1904.

1. **SCIRE FACIAS: Appellate Practice: Examination of Record.** On appeal from a judgment in a *scire facias* proceeding to enforce against the surety a recognizance given by an accused indicted for a crime, the appellate court, where there are no errors assigned or brief filed on behalf of the appellant, may properly decline to examine the record, but in this case, as the proceeding is a corollary of a criminal case, the court has examined the record.

2. ————: **Recognizance: Appearance: Insufficient Indictment.** A proceeding to enforce a recognizance against the surety can not be defeated by the fact that the information charging the principal with a crime was insufficient.

Appeal from St. Louis City Circuit Court.—*Hon. O'Neill Ryan,* Judge.

AFFIRMED.

GANTT, P. J.—This is a proceeding to enforce a recognizance entered into by one Louis Soviner, as

principal, and Frank L. Boehm, as surety, for the appearance of said Soviner to answer an indictment preferred by the grand jury in the city of St. Louis, and taken and approved in division number 9, of the circuit court of said city, of which Hon. O'Neill Ryan was the presiding judge.

The record discloses that at the February term, 1903, of division number 9 of the circuit court of the city of St. Louis, a grand jury was duly empaneled, charged and sworn, and B. B. Graham appointed foreman thereof, and on Saturday, March 28, 1903, this grand jury in open court, through their said foreman, returned an indictment against Louis Soviner and May Smith, charging them with being the keepers of a bawdy-house on the fifteenth of October, 1902, and permitting a certain female of the age of sixteen years to enter and remain in said bawdy-house, against the peace and dignity of the State, which indictment was ordered filed and was filed on said twenty-eighth day of March, 1903, by the clerk of said court, and assigned to division number 9 of said court. Capias issued, and the defendant was arrested and on April 1, 1903, was arraigned and pleaded not guilty, and the cause continued, and on April 11, 1903, and during the same term, the defendant entered into a recognizance in the sum of six hundred dollars, with Frank L. Boehm as surety, conditioned "that if the said Soviner shall personally appear before the circuit court of the city of St. Louis, division number 9, from day to day during the present term and on the first day and from day to day of any future term thereof to which the said cause may be continued, then and there to answer to an indictment numbered 149, preferred by the grand jury of said city against said Louis Soviner for the offense of violating section 2202, Revised Statutes 1899, and shall not depart said court without leave thereof, then this recognizance to be void; otherwise, to remain in full force and effect," which said recognizance was

duly approved by the Hon. O'Neill Ryan, the judge of said court, and filed on said eleventh day of April, 1903, in the office of the clerk of said court.

It appears that said cause was docketed for trial on the twentieth day of April, 1903, and on said day the said defendant, Louis Soviner, was thrice called to answer to said indictment, but failed, neglected and refused to do so, and thereupon the said Boehm, surety thereon, was also thrice called to bring into court the body of said Soviner, but came not and made default, and thereupon it was ordered that said recognizance be forfeited and a writ of *scire facias* ordered to issue against said principal and surety thereon, and a capias issue for said Soviner.

On May 13, 1903, a *scire facias* issued under the seal of the court commanding said Soviner and Frank L. Boehm to appear before said court on the first Monday in June, 1903, then and there to show cause, if any they had, why execution should not issue against them for the debt aforesaid, which said writ was duly served on said Boehm, but a *non est return* was made as to said Soviner.

On the first day of June, 1903, the proceeding was dismissed as to said Soviner, and said Boehm filed his answer thereto, denying each and every allegation and all the matters and facts set forth in said *scire facias,* and especially stating that said indictment did not charge said Soviner with a violation of the criminal law of this State.

Upon a trial, the court found the issues for the State, and ordered and adjudged that the State of Missouri have and recover from the defendant Boehm six hundred dollars, together with the costs accrued, and that execution issue therefor. Motions for new trial and in arrest of judgment were filed, heard and overruled, and defendant Boehm then and there excepted and prayed an appeal to this court.

There are no errors assigned or brief filed on be-

half of the defendant Boehm, and we might well decline to examine the record, but as the proceeding is a corollary of a criminal case we have examined the record.

It seems quite obvious that the defense is bottomed upon the theory that the indictment was insufficient, and therefore defendant Soviner and his surety were under no obligation to appear and answer the same as obligated in the recognizance recited.

As this identical question has been decided adversely to this contention in an opinion by Judge Fox in the case of the State of Missouri v. Frank L. Boehm, this day handed down, it is unnecessary to repeat what is therein said, but for the reasons there given, the judgment of the circuit court is affirmed. *Burgess, J.,* absent; *Fox, J.,* concurs.